| Matter of Sandler |
|:---:|
| 2024 NY Slip Op 33031(U) |
| August 23, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2019-2734/I |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
Proceeding to Recover Assets Withheld in the Estate of

        LYDIA SANDLER,

                      Deceased.
-------------------------------------------------------------------------x

New York County Surrogate's Court
DATA ENTRY DEPT.
AUG 2.3 2024

DECISION and ORDER

File No.: 2019-2734/I

M E L L A, S.:

The court considered the following submissions in determining the instant motion for summary judgment and cross-motion to dismiss:[1]

| Papers Considered | Numbered |
|---|---|
| Petitioner Lynne Boyarsky's Notice of Motion for Summary Judgment; Affidavit of Lynne Boyarsky in Support of Motion for Summary Judgment with Exhibits | 1,2 |
| Affidavit of Respondent Rochelle Klein in Opposition to Petitioner's Motion for Summary Judgment; Affirmation of Anthony G. Piscionere in Opposition to Motion for Summary Judgment with Exhibits | 3,4 |
| Memorandum of Law in Opposition to Petitioner's Motion for Summary Judgment | 5 |
| Supplemental Affidavit of Rochelle Klein in Opposition to Motion for Summary Judgment with Exhibits | 6 |
| Lynne Boyarsky's Verified Reply to Opposition to Motion for Summary Judgment | 7 |
| Respondent Rochelle Klein's Notice of Cross-Motion to Dismiss; Affirmation of Anthony G. Piscionere in Support of Respondent's Cross-Motion to Dismiss with Exhibits | 8,9 |
| Lynne Boyarsky's Verified Opposition to Respondent's Cross-Motion to Dismiss | 10 |

      In this turnover proceeding in the estate of Lydia Sandler (SCPA 2103), Lynne Boyarsky

(Boyarsky), as Preliminary Executor, seeks $172,000 from her sister Rochelle Klein (Klein),

---

[1] The parties made additional submissions related to the cross-motion to dismiss that were not provided for in the court's June 12, 2024 Order Setting Deadlines. Accordingly, the court did not consider them.

who allegedly withdrew the funds from decedent's bank account for her own use while acting as decedent's attorney-in-fact. At the call of the calendar on August 7, 2024, the court held Boyarsky's summary judgment motion in abeyance to allow for the completion of discovery (CPLR 3212[f]). The court also converted Klein's motion to dismiss on statute of limitations grounds (CPLR 3211[a][5]) into a motion for summary judgment pursuant to CPLR 3211(c).

The court determined that Klein established in her opposition papers that she had not had access to information and discovery that could provide a basis for her to oppose the motion and that the motion was, therefore, premature (*see e.g. Pineda v 525 SMA Owner LLC*, 216 AD3d 475 [1st Dept 2023] [affirming trial court's determination that motion for summary judgment was premature where discovery had not been completed]). The motion was thus continued to the court's January 24, 2025 calendar pursuant to CPLR 3212(f) so that the parties could conduct discovery and then supplement their motion papers.

As for Klein's cross-motion to dismiss, the court determined that, because Klein had already filed an answer asserting statute of limitations as a defense, her motion was untimely under CPLR 3211(e), which provides that waivable defenses such as the statute of limitations be raised either in a pre-answer motion or an answer (*see e.g. Smith, Gambrell & Russell, LLP v 3 W. 16th Street*, 220 AD3d 432 [1st Dept 2023] [holding post-answer CPLR 3211 motion to dismiss on statute of limitations grounds untimely under CPLR 3211(e)]).

Instead of denying the motion as untimely, however, the court exercised its discretion to convert the motion into one for summary judgment on notice to the parties pursuant to CPLR 3211(c) (*see Rich v Lefkowitz,* 56 NY3d 276, 281-82 [1982]), and then, as with Boyarsky's motion for summary judgment, the court continued Klein's cross-motion to the court's January 24, 2025 calendar, pursuant to CPLR 3212(f), so that the parties could conduct discovery and

2

supplement their motion papers accordingly. The court requested that the parties address in such supplemental motion papers the issue of when Boyarsky's turnover claim accrued for statute of limitations purposes, noting that the date of accrual the parties had used in their motion papers, namely the date preliminary letters had issued to Boyarsky, was not correct since Boyarsky's claim did not accrue after decedent's death (*see* CPLR 210[c]).

The court further directed that:

1) All discovery demands, including notices of deposition and subpoenas, shall be served by September 12, 2024, with all discovery to be completed by November 27, 2024; and

2) Boyarsky shall serve and file further submissions in support of her motion for summary judgment no later than December 11, 2024, and such submissions may relate only to the additional discovery obtained; and

3) Klein shall serve and file further submissions in opposition to Boyarsky's motion for summary judgment no later than January 10, 2025; and

4) To the extent that the arguments raised in Klein's supplemental opposition papers require a response, Boyarsky shall serve and file a reply, no longer than five pages in length, by January 17, 2025; and

5) Klein shall serve and file her submissions in support of her converted cross-motion for summary judgment by December 11, 2024; and

6) Boyarsky shall serve and file her submissions in opposition to Klein's cross-motion for summary judgment by January 10, 2025; and

7) To the extent that the arguments raised in Boyarsky's opposition to Klein's cross-motion for summary judgment require a response, Klein shall serve and file a reply, no longer than five pages in length, by January 17, 2025.

[* 3]

This decision, together with a transcript of the August 7, 2024 proceedings, constitutes the order of the court.

The Clerk of the Court is directed to email a copy of this Decision and Order to counsel of record and the parties whose names and respective email addresses appear below.

Dated: August 23, 2024

_____
SURROGATE

To:

Lynne Boyarsky - lynneboyarsky@gmail.com

Karen Boyarsky, - kboyarsky@cox.net

Anthony G. Piscionere, Esq. - tony@pnesqs.net

Noël F. Caraccio, Esq. - ncaraccio@nfcpllc.com

[* 4]